**VAN DYKE et al. v. KUHL.**

No. 9610.

United States Court of Appeals
Seventh Circuit.

Dec. 3, 1948.

Arthur L. Jacobs, Dept. of Justice, Washington, D. C., Timothy T. Cronin, U. S. Atty., of Milwaukee, Wis., Theron . L. Caudle, Asst. Atty. Gen., and George A. Stinson, Ellis N. Slack, and James P. Garland, Special Assts. to the Atty. Gen., for appellants.

Howard R. Johnson, of Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge and KERNER and MINTON, Circuit Judges.

KERNER, Circuit Judge.

We are asked to determine whether a judgment in a prior action between the parties for the recovery of federal estate taxes precludes the maintenance of this action.

The facts are stipulated. On February 13, 1941 Anne Hamilton McIntosh died testate, and on December 2, 1941 plaintiffs as executors of her last will and testament filed an estate tax return evidencing a federal tax due. Plaintiffs paid the Collector the amount of the tax shown on the return. A deficiency was subsequently assessed, and paid under protest. Plaintiffs instituted a suit against the Collector for the recovery of the deficiency. The case was tried and a judgment was entered in favor of the estate. The amount of the judgment with interest was paid to plaintiffs by the Government. Thereafter plaintiffs filed a timely claim for refund based upon the ground that attorneys' fees and other expenses in-

curred in the prior litigation should be allowed as a deduction and a further refund of the estate tax made accordingly. Upon denial of the claim on the ground that the judgment in the first suit constituted a bar to a further claim, the present suit was commenced. The case was tried by the court without a jury, and from a judgment in favor of plaintiffs defendant has appealed.

 There can be no question but what the doctrine of res judicata applies in federal tax controversies. Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1045. That doctrine rests on two ancient maxims of the law: (1) A person should not be vexed more than once for the same cause; (2) it is in the public interest that there be an early end to litigation, or as was said in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719: "The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit * * * are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' * * * The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment."

To avoid application of the doctrine of res judicata, plaintiffs say they could maintain no suit for the recovery of the tax erroneously collected until they filed a claim for refund with the Commissioner, § 3772 Internal Revenue Code, 26 U.S.C.A. § 3772 (a) (1); that at the time the estate tax return and the first claim for refund were filed, § 812 of the Internal Revenue Code provided in part as follows: "For the purpose of the tax the value of the net estate shall be determined, * * * by deducting from the value of the gross estate—

* * * (b) * * * Such amounts * * * (2) for administration expenses, * * * as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered * * *." Plaintiffs further submit that § 81.34 of T.R. 105 provided that an executor, in filing the return, may deduct such an amount of attorney's fees as has actually been paid, or in an amount which at the time of such filing it is reasonably expected will be paid, and that § 881.96 of T.R. 105 provided that claims for the refund of estate tax must be filed within three years after the payment of the amount sought to be refunded and that the claim must set forth in detail and under oath each ground upon which refund is claimed, and facts sufficient to appraise the Commissioner of the exact basis of the claim. Plaintiffs then make the point that at the time they filed the first claim for refund they had no way of knowing that the claim would be denied, or that it would be necessary to employ attorneys to sue, or how protracted the litigation, if any, could or would be, and argue that since they could not give facts sufficient to apprise the Commissioner of the exact basis of a claim for attorneys' fees and expenses, they could not therefore raise that question as an issue in the first law suit. In support of the argument they cite Magruder v. Safe Deposit & Trust Co., 4 Cir., 159 F.2d 913.

It is true that in the Magruder case the court held that the prior litigation between the executor and the Collector did not bar the maintenance of the second suit based upon a deduction of attorneys' fees. But that case is distinguishable on the facts.

 In that case the executor introduced evidence that the fees could not have been ascertained with reasonable certainty during the pendency of the prior litigation, and the District Court found as a fact that "when the return * * * was filed, the executor could not determine how much it might reasonably be required to disburse in attorneys' fees." 65 F.Supp. 783, 788. On appeal, the court sustained this finding. In our case the record fails to disclose any evidence tending to show that the attorneys' fees could not have been estimated prior to the final determination of the first suit with sufficient certainty so as to have been made

an issue in the first case. In such a situation we think what was said in Cleveland v. Higgins, 2 Cir., 148 F.2d 722, is pertinent and applicable here.

The Cleveland case was an action to recover a portion of an estate tax on the ground that the estate was entitled to a deduction for attorneys' fees incurred in a prior suit between the same parties. The defense there, as here, was that federal estate taxes present a single cause of action which cannot be litigated piecemeal. The court (148 F.2d at pages 723, 724), in holding that the suit was barred, said:

"The estate tax was assessed and paid as a single tax, and a final decision in a suit brought to recover * * * for overpayment is res adjudicata not only as to what was included in the refund claim but as to what might have been included. Nor does the fact that the refund claim did not cover all which might have been included therein prevent the judgment from being res adjudicata. * * * It follows that if the appellant is right in saying that the appellees could have included in the first claim for refund what was made the basis of the second refund claim, the decision in the first suit was res adjudicata * * *. The cause of action which thus becomes res adjudicata comprehends not only what was actually decided but all matters which might have been decided. Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405 * * *."

We think, as did the court in the Cleveland case, that the executors knew that attorneys' fees incurred in prosecuting the claim for refund would have to be paid. Such fees could have easily been estimated at the time the prior case between the parties here involved was ready for a decision and the refund claim could have been amended to include the amount so estimated, and the amount could have been refunded in the judgment rendered in the prior suit.

In reaching our conclusion in this case we have not overlooked the fact that § 81.34 of T.R. 105, in effect at the time of the prior litigation between the parties, has since been amended so as to provide that a deduction for attorneys' fees incurred in prosecuting a claim for refund shall be claimed at the time such refund is prosecuted. That fact does not change our conclusion.

The judgment of the District Court is reversed and the cause remanded with instruction to dismiss the complaint.

Reversed and remanded.