## MARTIN v. BRODRICK.
### No. 3914.

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1949.

W. D. Jochems, Wichita, Kan. (Emmet A. Blaes and Robert G. Braden, Wichita, Kan., were with him on the brief), for appellant.

Ellis N. Slack, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, and Edward J. P. Zimmerman, Special Assistant to the Attorney General, were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge and RICE, District Judge.

MURRAH, Circuit Judge.

The question on appeal here is whether a claim for attorneys' fees and court costs. incurred in the successful prosecution of a suit for refund of estate taxes is barred because not included in the original claim for refund. The trial court held the judgment on the first claim for refund res judicata, entered judgment for the Government, and the taxpayer has appealed on undisputed facts.

Rosa Baumstark, a resident of Sedgwick County, Kansas, died testate on October 15, 1943. Her estate was duly administered, an estate tax return was filed and tax as shown due was paid. Upon an audit. of the return by the Commissioner of Internal Revenue, additional tax in the amount of $36,966.44 was assessed against the estate, resulting principally from the inclusion in the gross estate, property transferred by the decedent, which in the opinion of the Commissioner, constituted transfers or gifts in contemplation of death.

The additional tax was paid and when. the claim for refund was denied, this suit was instituted in the United States District Court of Kansas to recover the same. Upon trial to a jury, judgment was entered in favor of the taxpayer on May 31, 1947, in the amount of $39,568.69, representing the tax in controversy, plus interest.

An item of attorneys' fees allowed in the original estate tax return did not contemplate the subsequent litigation involving the additional tax assessed, paid and recovered. After the litigation was terminated and the judgment was paid, the executors filed their final settlement in the state court, including

an application for the allowance of fees and expenses incident to the litigation for refund of taxes. On June 30, 1947, the probate court allowed attorneys' fees in the amount of $9,500.00 and court costs of $377.19 in connection with the litigation. Thereupon the taxpayer filed this claim for an additional refund, based upon the further diminution of the estate by reason of attorneys' fees and court costs incurred in the refund litigation. Concededly these items are deductible for estate tax purposes, and if the claim therefor is not barred by the former judgment, the taxpayer is entitled to an additional refund of $2,487.88.

The species of res judicata invoked and applied here is based upon the salutary rule against the splitting of causes of action. It has long since been affirmed that a litigant is not at liberty to split up his demand and prosecute piecemeal a claim which may be appropriately pleaded and decided as one cause of action. In other words, a judgment by a court of competent jurisdiction on the merits of a claim is conclusive not only as to matters decided, but all matters which could have been appropriately decided. Stark v. Starr, 94 U. S. 477, 485, 24 L.Ed. 276; Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; Trapp v. United States, 10th Cir., 1949, 177 F.2d 1; Guettel v. United States, 8 Cir., 95 F.2d 229, 118 A.L.R. 1060, certiorari denied 305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383; Annot. 130 A.L.R. 374, 140 A.L.R. 797; 46 Yale L.J. 1320, June 1937.

Making application of this rule, and following Guettel v. United States, supra; Cleveland v. Higgins, 2 Cir., 148 F.2d 722, and Van Dyke v. Kuhl, 7 Cir., 171 F.2d 187, the trial court reasoned that since the estate tax assessed and paid was a unitary tax, a claim for refund was a single cause of action which could not be split, because the attorneys' fees now claimed as a deduction could have been estimated and included in the original claim.

At the time taxpayer filed the original claim for refund, Treasury Regulations 105 provided in part: "Sec. 81.29. Deduction of administration expenses, claims, etc. * * * An item may be entered on the return for deduction though the exact amount thereof is not then known, provided it is ascertainable with reasonable certainty, and will be paid. No deduction may be taken upon the basis of a vague or uncertain estimate. * * * Sec. 81.34. Attorney's fees. The executor or administrator, in filing the return, may deduct such an amount of attorney's fees as has actually been paid, or in an amount which at the time of such filing it is reasonably expected will be paid. * * *" While these Regulations relate to the filing of estate tax returns, they are invoked here as indicating a disposition on the part of the Commissioner to permit the inclusion of estimated or prospective attorneys' fees in claims for refund.

While recognizing the inapplicability of these Regulations to claims for refund, the Second Circuit, under facts not different from ours, held in Cleveland v. Higgins, supra, that when a claim for refund of estate taxes is filed, the net amount of the taxable estate is an essential element quite as much as it is when a return is filed. The court could therefore see no sound reason why an estimate of the attorneys' fees which the executors reasonably expected to pay for the prosecution of the claim for refund should not be made the basis in part of that claim, though the fees were not correctly ascertainable at that time. The court was apprehensive lest to allow the second claim would also form the basis for still another claim "until the lapse of time puts an end to endeavor." But see Note in 59 Harv.L.R.1322, October 1946.

Under facts also not dissimilar to ours, the Seventh Circuit in Van Dyke v. Kuhl, supra, adopted the reasoning of the Higgins case, pointing out that the fees earned in the refund suit could have been easily estimated at the time suit was filed, or at least before it was ripe for decision, and the amount when definitely determined could have been included in the final judgment.

With deference to the reasoning of these two great courts, it is difficult for us to dis-

cern how the taxpayer could, with any reasonable degree of certainty, estimate the amount of attorneys' fees which had not been earned, and which would not be earned until final disposition of the claim. It is still more difficult for us to impute to the taxpayer the duty of anticipating what the Kansas probate court would ultimately determine to be a reasonable fee for any services which might be performed. Only the Kansas court with jurisdiction of the estate was authorized to allow such attorneys' fees "as shall be just and reasonable." [Sec. 59-1717, Kan.G.S.1947 Supp. The court in the first action was without jurisdiction to fix the attorneys' fees or to deduct them from the estate until the services had been rendered and their reasonable value determined in another forum.

Since this litigation was commenced, the Treasury Department adopted its new Regulation No. 5596, December 22, 1947, providing that attorneys' fees in prosecuting a refund claim "should be made at the time of * * * prosecution, but shall not be denied or questioned solely because the amount of such fees was not established at the time claim was made." The trial court was of the view that although the new Regulation could have no direct bearing upon our question, it did indicate an administrative disposition to apply the doctrine of res judicata under such facts. We think, however, that if the new Regulation has any significance, it serves to indicate a prior disposition on the part of the Commissioner to deny such claims because of vagueness and uncertainty. It may be that the Treasury Department is authorized by regulation to require a taxpayer to include in his claim for refund an estimated amount of the attorneys' fees he expects to claim against the estate, at the risk of being barred to later assert it. But such regulation need not necessarily rest upon the doctrine of res judicata.

Certainly a claim is not barred until it comes into being and can be appropriately asserted. It has never been thought that a judgment barred a second action, based upon new facts created by the first. The fact that both actions arise out of the same subject matter is immaterial. Freeman on Judgments, 5th Ed., Sec. 712, p. 1501. In Guettel v. United States, supra, cited in the Higgins case, the second claim had accrued but was not asserted in the first action because of a mistake of applicable law. The court there held that a mistaken notion of the law did not obviate the conclusive effect of the first judgment, since the second claim was nevertheless capable of being completely determined in the first suit.

In circumstances not unlike ours, the Fourth Circuit in Magruder v. Safe Deposit & Trust Co., 159 F.2d 913, 916, declined to follow the Higgins case, preferring instead to withhold the bar, based upon its trial court's finding that the fees "could not have been ascertained with any degree of accuracy until after the first suit had been settled and determined." We agree with the Fourth Circuit that the necessity for repose in litigation does not warrant the application of res judicata to a claim which was not in being when the first claim for refund was filed, and the existence of which was contingent upon the disposition of that claim. And especially where, as here, the jurisdiction to determine the amount of the claim rested in another forum.

We hold that the claim is not barred, and the case is therefore reversed.