Howard M. BRICKEL and A. J. Katches, T/A Mid-Continent Exploration Company, Plaintiffs,

v.

CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, a corporation, Defendant.

Civ. No. 4532.

United States District Court
D. Wyoming.

Dec. 29, 1961.

John J. Spriggs, Sr., Lander, Wyo., and John J. Spriggs, Jr., Washington, D. C., for plaintiffs.

Henderson & Godfrey, Cheyenne, Wyo., J. C. Street and W. L. Peck, Denver, Colo., for defendant.

KERR, Judge.

This motion for summary judgment turns on whether or not the issues raised in the case at bar have already been litigated and previously determined by a jury verdict and judgment entered thereon in civil action No. 4221. A brief summary of the two actions shows the legal relationship of the parties with respect to the status of some 750 tons of alleged mineral ores. There is no dispute about the identity of the parties and subject matter. They are the same in both suits.

Civil action No. 4221 was removed to this court from the State District Court, Sixth Judicial District, Weston County, Wyoming, wherein the complaint was filed on November 7, 1958. Plaintiffs alleged that the defendant unlawfully converted their ore to its own use and benefit and that plaintiffs suffered actual damages for the value of the ore in the amount of $3,299,500.00 and $500,-000.00 punitive damages. Defendant interposed a general denial and certain specific defenses. Trial before a jury commenced on June 13, 1960, which returned its verdict for the defendant on June 18, 1960. On that date judgment was entered on the verdict. Plaintiffs' motion for a new trial was denied and their appeal was dismissed on November 14, 1960, upon stipulation of the parties. The judgment of this Court in

civil action No. 4221 has never been appealed, reversed, set aside or vacated.

The instant action was commenced in the United States District Court for the District of Columbia on June 7, 1961, and on July 27, 1961, it was ordered transferred to this court pursuant to the provisions of Title 28 U.S.C. § 1404. In their complaint plaintiffs prayed that they be awarded the sum of $25,000.00 for their out-of-pocket expenses for stockpiling the mineral ore on defendant's property, together with the sum of $19,000,000.00, estimated damages to compensate plaintiffs for the loss value to the ore to them in their operations. Defendant filed its answer and moved for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C., on the grounds of res judicata and collateral estoppel by judgment.

In support of its motion defendant has proffered the pleadings in the case at bar and in civil action No. 4221, together with a certified copy of substantially the entire record in said prior action; a certified copy of the complete transcript of the trial proceedings in civil action No. 4221, comprising six volumes; the exhibits introduced by defendant; and affidavits of the attorneys for the defendant.

Opposing the motion, plaintiffs argue that the issue of negligence of the defendant in this second action is a question of fact which may not be disposed of by summary judgment since it was not litigated in the prior action between these same parties. Attempting to distinguish their two suits against this same defendant, plaintiffs contend that the issue of conversion raises the question of whether the converter unlawfully assumed dominion over the property of another; whereas an action founded on negligence raises the question of whether the wrongdoer failed to maintain the standard established by law for the protection of the property of the plaintiffs against unreasonable risk of harm. Plaintiffs' position is that neither the doctrine of res judicata nor the principle of collateral estoppel bars them

from suing the same defendant for its inability to return to the plaintiffs their same stockpile of ore—not because defendant converted the property to its own use—but because the property had been lost or destroyed through the fault of the defendant. In other words, plaintiffs suggest that their present action is a new claim for damages caused by defendant's breach of public confidence by its negligent conduct. Plaintiffs' position is untenable.

In civil action No. 4221 the material issues which were raised by the pleadings and tried before the jury were the ownership and value of the plaintiffs' alleged ore; its storage on defendant's property prior to January 9, 1953; the disposition of the ore by defendant; the defense of abandonment and relinquishment of the ore and termination of title and ownership, and the defense of tenancy by sufferance under the Wyoming law.

The complaint in the case at bar and the answer thereto raise substantially the same issues, the pivotal difference being the description of the alleged wrongful action of the defendant. In the first suit it was described as "conversion" and in this second action it is denoted "gross negligence". Clearly, plaintiffs are attempting to relitigate but one right allegedly violated by a single wrong. A summary judgment is tailored to rectify this situation. The alleged wrong to the plaintiffs by the defendant has been adjudicated. It has been fully and finally settled by the verdict of the jury in this court finding that plaintiffs suffered no injury because of any wrongful action by defendant. The controversy between the same parties over the same subject should forevermore rest in peace. Neither the Court nor the defendant should be vexed by a renewal of the original law suit. Semantics will not destroy the identity of claims nor create different claims.

Where, as here, plaintiffs have already contested the issue of the loss of their so-called ore, they have had their day in court and a fair trial. They

lost that contest but like all litigants they are nonetheless bound by a final adjudication of their rights. They have no constitutional right to relitigate their claim. Baldwin v. Iowa State Traveling Men's Ass'n, post. As between these parties that issue is settled once and for all. Having voluntarily appeared in court in civil action No. 4221 and their case having been fully heard and presented to the jury, and no fraud or collusion being raised, there is no legal reason why the doctrine of res judicata should not apply, nor why this solitary claim against defendant should not be finally concluded. The prior judgment absolutely bars plaintiffs from further litigating this claim.

■ This second case contains all the characteristics of the prior suit and possesses all the conditions necessary to apply the doctrine of res judicata as expressed very recently in this circuit, as follows:

"The substance of the familiar doctrine of res judicata as conventionally applied in civil cases is that any right, fact, or matter in issue and directly adjudicated or necessarily involved in the determination of an action before a court of competent jurisdiction in which a judgment or decree has been entered upon the merits is conclusively settled by such judgment and cannot be again litigated between the same parties or their privies, whether the claim, demand, or purpose of the subject matter of the two suits be the same or not." Gaitan et al. v. United States, 10 C.A., 1961, 295 F.2d 277, 279.

■ This Court cannot countenance afterthoughts. Were plaintiffs intermittently allowed to renew their protests against this defendant in pursuit of their ore, such action would violate the prohibition against splitting their claim. The prosecution of their claim in a piecemeal fashion erupts the peaceful conclusion of their initial suit. Litigation for damages for loss of their ore would rest not upon a final judgment by the Court, but rather upon the dissipation of any more legal theories by plaintiffs. The law books are replete with harmonious statements of the principles upon which I grant defendant's motion for summary judgment, namely, that plaintiffs may not split their claim and maintain more than one action on the same claim against the same party, and that they cannot separate their grounds to reach the same result via a different theory, keeping their second theory in reserve, in a suit subsequent to the first dry run. Public policy dictates that finality must be reached in all litigation and parties must abide by the final judgment rendered in the cause. Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244; United States v. Sinclair Refining Co., 10 C.A., 1942, 126 F.2d 827; White et al. v. Sinclair Prairie Oil Co. et al., 10 C.A., 1943, 139 F.2d 103, cert. den. 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1588, reh. den. 323 U.S. 810, 65 S.Ct. 29, 89 L.Ed. 646; Martin v. Brodrick, 10 C.A., 1949, 177 F.2d 886; Fidelity & Deposit Co. of Maryland v. Hobbs, 10 C.A., 1944, 144 F.2d 5; Metropolitan Life Ins. Co. v. Banion, 10 C.A., 86 F.2d 886; Vinson v. Graham, 10 C.A., 44 F.2d 772; Norman Tobacco & Candy Co., Inc. v. Gillette Safety Razor Co., 5 C.A., 1961, 295 F.2d 362; Hennessy v. Chicago, B. & Q. R. Co., 24 Wyo. 305, 157 P. 698; Graham v. Culver, 3 Wyo. 639, 29 P. 270, 30 P. 957.

From what I have said, I hold that the Motion for Summary Judgment should be, and the same is hereby, sustained. Rule 52 of the Rules of Civil Procedure provides that Findings of Fact and Conclusions of Law are unnecessary on decisions of Motions for Summary Judgment. Irrespective of this provision, defendant is given fifteen days within which time to prepare Findings of Fact and Conclusions of Law to be filed with the Summary Judgment, and the Clerk shall enter an order accordingly.