EMPIRE TRUST COMPANY and Peter Dauk, Executors of the Will of Mary Lois K. McIntosh, Appellants,

v.

UNITED STATES of America, Appellee.

No. 8, Docket 28133.

United States Court of Appeals Second Circuit.

Argued Oct. 9, 1963.

Decided Nov. 27, 1963.

Empire Trust Company and Peter Dauk, executors of the will of Mary Lois K. McIntosh, appeal from a judgment dismissing their action for refund of estate taxes.

Frederick Pope, Jr., of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn. (J. Kenneth Bradley, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., on the brief), for appellants.

Michael Mulroney, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attys., Dept. of Justice, Washington, D. C., and Robert C. Zampano, U. S. Atty., and James D. O'Connor, Asst. U. S. Atty., D. Conn., New Haven, Conn., on the brief), for appellee.

Before CLARK, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM:

The judgment is affirmed on the authority of Elbert v. Johnson, 2 Cir., 164 F.2d 421, and the opinion of Judge Timbers below, D.C.Conn., 214 F.Supp. 731.

MOORE, Circuit Judge (dissenting in part):

The executors of the estate of Mary Lois K. McIntosh seek to recover an alleged overpayment of estate tax of $44,-098.77. Originally, on August 18, 1950, an estate tax of $133,927.02 was paid. On August 5, 1953, the Commissioner determined that, because the decedent in 1943 had released certain retained powers in a Missouri trust, the value of the estate was increased and a deficiency resulted. The Tax Court (25 T.C. 794) and the Court of Appeals (2 Cir., 248 F. 2d 181, cert. denied, 355 U.S. 923, 78 S. Ct. 366, 2 L.Ed.2d 353) upheld the deficiency which by agreement was fixed at $235,872.10. Subsequent to the filing of this agreed computation, the Executors incurred additional administration expenses, executors' fees and legal fees of $26,537.98. In the early part of 1960, as a result of the reopening of the Missouri inheritance tax based upon the part of the estate located there, an additional Missouri tax of $24,136.57 was assessed and paid. Suit to recover a refund of federal estate tax because of the Commissioner's failure to allow a credit for these items was brought in the district court.

There can be no question that administration expenses and taxes paid to other states are a proper deduction from the gross estate and that the estate tax imposed should be based upon the net estate. The Government relies upon the proposition that the filing of the prior petition in the Tax Court acted as a bar to this tax refund suit. Once having sought relief in the Tax Court, argues the Government, the executors are precluded from seeking relief in the district court. First, however, must be asked the question: relief from what? Certainly the choice of the Tax Court as a forum precluded the executors from litigating again in a district court any of the matters which were or might have been litigated there. Of course, even in the administration of estates (despite Jarndyce v. Jarndyce, Pickwick Papers, Charles Dickens, possibly to the contrary), there must be a final disposition of controversial matters. Although the executors claim that they could not have foreseen the nature and extent of the legal and trustees' fees at the time of their agreed computation, the court can almost take judicial notice of the fact that attorneys, granted that their minds

are concentrating solely on their clients' welfare, are not altogether unmindful of the costs of litigation and administration which include some compensation to them. Therefore, the item of legal expenses as well as the trustees' fees might well be regarded as coming within the category of the items which might have been included in the original litigation. See Cleveland v. Higgins, 148 F.2d 722 (2d Cir.), cert. denied 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428 (1945).

On the other hand, I find the additional Missouri inheritance tax in an entirely different category. The filing of the suit in the district court was not to relitigate any matter which had originally been brought or could have been brought before the Tax Court.* This tax could not possibly have come into being until the Supreme Court had denied certiorari in the litigation wherein the effect of the release of rights in the Missouri trust was the principal issue.

This case does not involve the question of the selection of a forum or, as was said in a House Report, involve the merits of the procedure taken by "those who initially pay a disputed amount and then file a claim for refund as against those who take their problem to the courts without paying the disputed amount." H.R.Rep. No. 775, 85th Cong., 1st Sess. 36 (1957). Rather, it is the *de novo* selection of a forum to inject into the tax determination an item which could not have been hitherto presented.

An examination of the asserted authorities lends no support to the rejection of the Missouri inheritance tax item. The factual situation in Elbert v. Johnson, 164 F.2d 421 (2d Cir. 1947), was entirely different as were the legal principles involved. Equally inapplicable were the facts in Merrill v. United States, 152 F.2d 74 (2d Cir. 1945). Even in the attorneys' fees cases, Cleveland v. Higgins, 148 F.2d 722 (2d Cir. 1945); Moir v. United States, 149 F.2d 455 (1st Cir. 1945); Magruder v. Safe Deposit & Trust Co., 159 F.2d 913 (4th Cir. 1947); Van Dyke v. Kuhl, 171 F.2d 187 (7th Cir. 1948); and Martin v. Brodrick, 177 F.2d 886 (10th Cir. 1949), there were radical differences in results in these circuits upon very similar factual foundations. Were the problem one of first impression in this circuit, I would incline towards the results and reasoning of Judges Murrah and Dobie in Brodrick, supra, and Magruder, supra, respectively. But the other cases cited which hold that attorneys' fees fall within the "might have been included" category can scarcely be used even as flimsy scaffolding to support the result reached here where the additional Missouri tax could not have come into being until the final decision in the original case was handed down. I would, therefore, refer to Judge Murrah's comment in Brodrick, 177 F.2d 886, 888, as most applicable and appropriate to this case because:

"Certainly a claim is not barred until it comes into being and can be appropriately asserted. It has never been thought that a judgment barred a second action, based upon new facts created by the first. The fact that both actions arise out of the same subject matter is immaterial."

I would reverse as to the Missouri inheritance tax item.

---

* Section 813 of the 1939 Internal Revenue Code allows credit for state inheritance taxes "actually paid and credit therefor claimed" either within four years after the filing of the return or, where the taxpayer has filed a petition for redetermination of a deficiency in the Tax Court, within sixty days after the decision becomes final. The sixty-day period expired April 8, 1958. It is apparent that the estate could not avail itself of this section since the Missouri tax was not "actually paid" until the spring of 1960, when it was finally assessed. Moreover, counsel received the first concrete indication that Missouri would impose an additional tax from Missouri counsel in November 1958, seven months after the sixty-day period of grace had expired.