538

Eugene KRAL and Marie Kral,
Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVE-
NUE and District Director of Internal
Revenue for the Brooklyn District,
Brooklyn, New York, Defendants.

No. 71–C–1469.

United States District Court,
E. D. New York.

July 5, 1972.

Samuel L. Meltz, Jamaica, N. Y., for plaintiffs.

Robert A. Morse, U. S. Atty. E.D.N. Y., Brooklyn, N. Y., by Lloyd H. Baker, Asst. U. S. Atty., of counsel, Scott P. Crampton, Asst. Atty. Gen., Dept. of Justice, by Donald R. Andèrson, Thomas R. Wechter, Dept. of Justice, Washington D. C., of counsel, for defendants.

MEMORANDUM AND ORDER

JUDD, District Judge.

In this action for refund of personal income taxes for 1961, 1962, and 1963, the defendants have moved to dismiss the complaint for lack of jurisdiction. Plaintiffs have moved to amend their complaint to include claims for set-off and recoupment as well as for a refund.

The original complaint asserted that a stipulation settling a Tax Court case was entered by plaintiffs' attorney without prior consultation with them, that an important witness had not been available when the case was set for trial, and that the Tax Court had erred in denying a motion to vacate the stipulation.

The amended complaint recites that plaintiffs paid taxes for 1961, 1962, and 1963 in amounts in excess of the income tax deficiencies assessed against them by the United States Tax Court; that

plaintiffs expended over $40,000 during 1961 and 1962 and other amounts in 1963 in connection with mining of tantalite in Brazil and processing of the ore; that they seek judgment "by way of set-offs, recoupment and refund * * * for the years 1961, 1962, and 1963."

In the Tax Court proceeding, instituted December 3, 1968, the plaintiffs sought review of deficiencies and penalties determined by the Commissioner of Internal Revenue for 1961, 1962, and 1963 totaling $15,053.29 of taxes, $3,528.20 of penalties under Section 6651(a) of the Internal Revenue Code (for negligence), and $752.66 of penalties under Section 6653(a) (for delinquency). By agreement dated October 20, 1970 between the plaintiffs and the Commissioner, the deficiencies and penalties were fixed at a total of $13,243.67 of income taxes, $3,308.06 of penalties under Section 6651(a), and $661.61 of penalties under Section 6653(a). The original underpayment, according to the deficiency letter from the Commissioner dated September 6, 1968, was attributed primarily to disallowance of Schedule C expenses and other deductions.

### Statutes

The Internal Revenue Code gives the taxpayer an option to review tax determinations either by a suit for refund or by a petition in the Tax Court, but not by both procedures for the same taxes for the same years. I.R.C., § 6512(a) provides that

> . . . if the taxpayer files a petition with the Tax Court within the time prescribed . . . no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—
>
> .   .   .   .   .   .
>
> (2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final;
>
> .   .   .   .

Tax court determinations in contested matters can be reviewed only in the Courts of Appeals. I.R.C. § 7482(a) states:

> The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court. . . .

### Discussion

■ Having elected to have their deficiencies reviewed in the Tax Court of the United States, the plaintiffs cannot review the same taxes for the same years in a United States District Court. By virtue of I.R.C. § 6512(a), this court is without jurisdiction in the matter. Elbert v. Johnson, 164 F.2d 421 (2d Cir. 1947); Empire Trust Co. v. United States, 214 F.Supp. 731 (D.Conn.), aff'd, 324 F.2d 507 (2d Cir. 1963).

It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that Court which ends his opportunity to litigate his tax liability for the year in question in the district court. The fact that the Tax Court determination was the result of an agreement rather than a trial, does not change this rule. Guterman v. Scanlon, 222 F.Supp. 1007 (E.D.N.Y.1963).

The plaintiffs apparently seek to avoid the effect of Section 6512(a) by bringing their claim within one of the exceptions to that section. In paragraph "1" of the amended complaint, the plaintiffs ask "credit and refund for taxes paid by plaintiffs for the years 1961, 1962 and 1963 for a sum far in excess of the amount assessed by the United States Tax Court." No facts are pleaded in support of this contention. Rather the facts pleaded in the original complaint allege an erroneous computation of the tax liability, an issue over which this court has no jurisdiction as noted above. Even the amended complaint seems to be based on the same expenses which were disallowed by the Tax Court stipulation.

■■ Since a Tax Court proceeding is normally brought before the tax deficiency is paid, one who asserts that he has paid more than the deficiency assessment can reasonably be asked to set

forth what he paid and where he paid it. *Cf.* Guterman v. Scanlon, *supra*, 222 F. Supp. 1012–1013. Normally a payment of taxes in excess of the assessment would be refunded without any contest. Therefore the rules for liberal construction of a complaint do not support a vague amended complaint where the earlier pleading indicates that there is no factual basis for the new claim.

■ The action should be treated as a suit against the United States in any event rather than against the Commissioner and the District Director, who have been named as defendants. I.R.C. § 7422(c).

For the reasons set forth above, it is ORDERED that the defendants' motion to dismiss the complaint for lack of jurisdiction be granted, and that the plaintiffs' motion to amend the complaint be denied with leave to serve a further amended complaint within thirty days if a showing can be made of tax payments in excess of the Tax Court assessments.