**William E. TICKEL, Jr., Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**No. CIV–1–85–335.**

United States District Court, E.D. Tennessee, S.D.

Sept. 17, 1985.

Supplemental Order Oct. 30, 1985.

---

William E. Tickel, Jr., pro se.

John W. Gill, Jr., U.S. Atty., Knoxville, Tenn., Paul M. Predmore, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

EDGAR, District Judge.

This matter presently appears before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6). Jurisdiction of the Court arises under 26 U.S.C. § 6703(c)(2) and § 7422. This is a suit brought by a taxpayer for the recovery of a penalty assessed for an allegedly frivolous tax return wherein a partial payment of the penalty was made.

Defendant comes before this Court seeking dismissal on the basis of lack of personal jurisdiction over the Commissioner of Internal Revenue and for failure to state a claim upon which relief can be granted. The Court will treat each of these matters separately.

▪ The first claim by defendant is that the Commissioner of Internal Revenue is not a proper party but, rather, the United States of America is the only proper defendant. 26 U.S.C. § 7422(f)(1). The defendant is correct that the Commissioner is an improper party, but 26 U.S.C. § 7422(f)(2) provides that a court shall order that the pleadings be amended to substitute the United States as a party for the Commissioner of Internal Revenue. Therefore, the Court will order that the United States be substituted for the Commissioner of Internal Revenue and that proper service be made on the new defendant. The Commissioner of Internal Revenue will be dismissed as a party defendant.

▪ The defendant next claims that the plaintiff has not stated a claim upon which relief can be granted. Specifically, the defendant makes two claims under this heading. First, the defendant argues that the plaintiff's argument that the Sixteenth Amendment was not validly ratified is incorrect. Second, the defendant claims that the frivolous return statute, 26 U.S.C. § 6702, was properly applied to the plaintiff. As to the first matter, the Court references all parties to its decision of September 10, 1985, in *William E. Tickel v. Commissioner of Internal Revenue*, Civil 1–85–307, for disposition of the claim on the Sixteenth Amendment. The Court holds here, as it did there, that the Sixteenth Amendment was properly ratified and that the statutes promulgated thereunder are effective.

The other line of attack for the defendant is that the frivolous return statute was properly applied to plaintiff. In the current matter, the frivolous return penalty

was assessed against the defendant for an allegedly frivolous return when the plaintiff filed a Form 1040X, known as an amended return, for tax year 1981. As this Court stated in its memorandum filed August 21, 1985 in *Beard v. Internal Revenue Service,* Civil 1–85–28, the Court is not presently satisfied that the frivolous return statute was meant to apply to amended returns. As it is within the discretion of the Commissioner of Internal Revenue to accept an amended return, there is a potential for abuse of discretion since the Commissioner can accept the amended return and then assess the frivolous return penalty. Therefore, the Government's motion to dismiss on this ground will be DENIED.

An appropriate order will be entered herewith.

### ORDER

Upon motion of the defendant pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), it is ORDERED that:

1. The United States of America is substituted as a party defendant for the Commissioner of Internal Revenue and service of process shall be made on the new defendant;

2. The plaintiff's claim that the Sixteenth Amendment was not effectively ratified is hereby dismissed; and

3. The defendant's motion to dismiss for failure to state a claim upon which relief can be granted is hereby denied.

IT IS SO ORDERED.

### SUPPLEMENTAL ORDER

The Court finding that the controlling questions in the present proceedings are ones of law relating to whether it is an abuse of discretion on the part of the Commissioner of the Internal Revenue to accept amended returns, Forms 1040X, which are frivolous, and whether 26 U.S.C. § 6702 is applicable to amended returns, Form 1040X, it is ORDERED that:

1. The parties shall prepare briefs by December 2, 1985, for the Court addressing the above questions; and

2. The defendant will not be required to respond to the plaintiff's written interrogatories, request for admissions, and notice to produce documents, until the Court has ruled on the above legal questions.

IT IS SO ORDERED.