JOHN E. ZIMMERMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SARAH A. F. ZIMMERMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 82488, 82491.   Promulgated October 7, 1937.

*Henry S. Drinker, Jr., Esq.,* and *Frederick E. S. Morrison, Esq.,* for the petitioner.

*J. W. Smith, Esq.,* for the respondent.

### OPINION.

KERN: The present proceedings in these consolidated cases involve petitioners' objections to the proposed determination of the respondent filed July 26, 1937, and their own proposed alternative computations, submitted under Rule 50.

These cases originated by petitions filed December 18, 1935, appealing from respondent's notice of deficiency dated September 20, 1935. The issue raised in these petitions concerned the disallowance by respondent of certain items of capital net loss arising from the sale of securities by petitioners in the year 1932, and the issue of fraud was raised by respondent in his answer. Subsequent to the hearing and argument in these cases, the Board, in a decision promulgated July 13, 1937, found for the petitioner (except as to a small amount of the stock sold by petitioners) and ordered judgment to be entered in each case under Rule 50, it being contemplated by the decision that an additional capital loss on the sale of securities be included in the computation of the tax for the year 1932 with respect to petitioner John E. Zimmermann in the sum of $252,342.32,

and in the computation of tax for the same year with respect to petitioner Sarah A. F. Zimmermann in the sum of $51,159.16. Thereafter, on July 26, 1937, respondent submitted a proposed determination and notice of settlement based upon computations made pursuant to such order, which not only included said items of capital loss, but also disallowed the items of charitable contributions contained in the return of petitioner John E. Zimmermann in the sum of $17,178.64, and similar items in the return of petitioner Sarah A. F. Zimmermann in the sum of $7,673.88. These disallowances were made by respondent in his recomputations submitted pursuant to Rule 50, since he had allowed as a deduction in the case of each petitioner the sums of their capital net loss, as set forth above, and as a consequence, there was no net income in the case of petitioner John E. Zimmermann, and a greatly reduced net income in the case of petitioner Sarah A. F. Zimmermann. Therefore, since the amounts of contributions properly deductible are limited to 15 percent of the net income, these amounts were necessarily to be recomputed in accordance with the decision promulgated July 13, 1937, in these proceedings, which, to the extent outlined above, had made changes in the net income of petitioners subject to tax.

It is the contention of petitioners, as raised by their objections and alternative computations submitted herein and the briefs thereon, that these items in the recomputations submitted by respondent raised new issues not contained in the pleadings or mentioned by counsel at the hearing before the Board, and that therefore, no adjustment in the items of charitable contributions can be made in the recomputations submitted pursuant to Rule 50. In the briefs submitted by petitioners *sur* objections to respondent's computations, the contention is further made that the net income on which the 15 percent limitation of contributions is reckoned should be computed without regard to capital net loss.

With regard to this latter contention, the Board has already ruled in several cases adversely to petitioners. *James H. Lockhart*, 32 B. T. A. 732; affd., 89 Fed. (2d) 143; *Sewell L. Avery*, 32 B. T. A. 948; affd., 84 Fed. (2d) 905; *Louis W. Hill*, 33 B. T. A. 891; affd., 88 Fed. (2d) 941.

The contention of petitioners that adjustments for charitable contributions were not in issue on the pleadings or at the hearing before the Board in these proceedings, and therefore can not be considered in any recomputations made pursuant to Rule 50, necessarily presupposes that such adjustments constitute a "new issue." In *Great Northern Railway Co.*, 10 B. T. A. 1347, the Board ruled that no new issue could be raised on recomputation under Rule 50. To the same general effect see *Davison v. Commissioner*, 60 Fed.

(2d) 50; *Fifth Street Building* v. *Commissioner*, 77 Fed. (2d) 605; *Bankers Pocahontas Coal Co.* v. *Burnet*, 287 U. S. 308. However, the doctrine of these cases is limited by opinions therein to new issues "other than those relating to computation", and the facts in the cases cited clearly indicate that the "new issues" there did not arise incidentally to a computation made pursuant to opinions in those cases which would necessarily result from the application of the doctrines laid down in such opinions, but were, on the other hand, issues of fact or of law which were not properly a part of the recomputation made necessary by the application of the doctrines enunciated in the opinions.

In the instant cases, the recomputations submitted by the respondent pursuant to the previous opinion herein included large capital net losses erroneously excluded, according to the contention of petitioners, in the deficiency notices which were the bases of appeal, thus greatly reducing in each case the amount of income subject to tax. It is respondent's contention, as evidenced by the recomputations submitted by him and by the argument of counsel for respondent at the hearing in these proceedings on August 18, 1937, that the necessary result of allowing such capital net losses not only reduced the net income subject to tax, but also reduced the net income upon which the 15 percent available for deduction as charitable contributions should be computed. Respondent's contention is sustained by General Counsel Memorandum No. 14030 (C. B. XII–2, p. 135), issued December 24, 1934, interpreting the case of *Helvering* v. *Bliss*, 290 U. S. 144, and by the decision of this Board in *James H. Lockhart*, *supra*, decided June 10, 1935, more than six months prior to the time of filing of the petitions in these proceedings. In the light of these cases it should have been evident to the petitioners at the time of the filing of the petitions, and later at the hearing thereon, that, if they succeeded in establishing the result of the stock sales set out in their contentions as capital losses during 1932, the charitable gifts base in each case would be correspondingly reduced, and that such reductions would be reflected in any recomputation made under Rule 50 for all purposes. In other words, in view of the law as it was at the time of the filing of the petitions herein, the issue of the reduction of the charitable gifts bases was a matter petitioners should have foreseen to be necessarily involved in the arithmetical calculations incident to a recomputation along the lines of their contentions in the petitions filed herein. It must, therefore, be considered that respondent's recomputation does not present any new issue within the meaning of the rule laid down in *Great Northern Railway Co.*, *supra*, and other cases cited.

Petitioners' objections to the recomputation of the respondent submitted under Rule 50 are overruled.