Edward L. **ALTENDORF** et al.,
Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

**Civ. No. 4022.**

United States District Court
D. North Dakota,
Southeastern Division.

May 15, 1964.

Garry A. Pearson, of Arnason & Pearson, Grand Forks, N. D., and Robert E. Dahl, of Dahl, Dahl & Greenagel, Grafton, N. D., for plaintiffs.

Howard N. Singer and George Hrdlicka, Attys., U. S. Dept. of Justice, Washington, D. C., for defendant.

RONALD N. DAVIES, District Judge.

May 1st, 1960, L. N. Altendorf died testate. His son, N. L. Altendorf, qualified as executor of his estate and in due course filed a Federal Estate Tax Return and paid the amount of tax reported due. Thereafter the Internal Revenue Service assessed and collected additional taxes by including in the gross estate certain gifts made by L. N. Altendorf approximately a year prior to his death, contending that the gifts were made in contemplation of death within the meaning of § 2035, Internal Revenue Code of 1954 (26 U.S.C.A. § 2035). The executor filed claim for refund which was denied April 16, 1963. The estate of L. N. Altendorf was then closed and the executor discharged.

The above-entitled action to recover the amount of taxes allegedly erroneously assessed and collected was begun by the heirs of L. N. Altendorf who had suffered a diminution of their beneficial interest in the estate by collection of the additional taxes.

On May 7, 1964, a jury found in favor of the Plaintiffs, and there is now before the Court the question of whether the attorney's fees and costs incurred by the Plaintiffs in prosecuting the action may be deducted from the gross estate of L. N. Altendorf for estate tax purposes under the Internal Revenue Code of 1954.

Section 2053(a) provides:

" § 2053. *Expenses, indebtedness, and taxes*

"(a) *General rule.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

"(1) for funeral expenses,

"(2) for administration expenses,

"(3) for claims against the estate, and

"(4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered."

In determining the question presented, this Court must also consider the Federal Estate Tax Regulations promulgated under the Internal Revenue Code of 1904 for the determination of the amount of a decedent's taxable estate. The pertinent provisions of these Regulations (26 C.F.R., Part 20) are:

"(a) *In general.* The amounts deductible from a decedent's gross estate as 'administration expenses' of the first category (see paragraphs (a) and (c) of § 20.2053–1) are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate to individual beneficiaries

or to a trustee, whether the trustee is the executor or some other person. Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions. Administration expenses include (1) executor's commissions; (2) attorney's fees; and (3) miscellaneous expenses. Each of these classes is considered separately in paragraphs (b) through (d) of this section."

\*    \*    \*    \*    \*    \*

"(c) *Attorney's fees.* (1) The executor or administrator, in filing the estate tax return, may deduct such an amount of attorney's fees as has actually been paid, or an amount which at the time of filing may reasonably be expected to be paid. If on the final audit of a return the fees claimed have not been awarded by the proper court and paid, the deduction will, nevertheless, be allowed, if the district director is reasonably satisfied that the amount claimed will be paid and that it does not exceed a reasonable remuneration for the services rendered, taking into account the size and character of the estate and the local law and practice. If the deduction is disallowed in whole or in part on final audit, the disallowance will be subject to modification as the facts may later require.

"(2) A deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting a claim for refund should be claimed at the time the deficiency is contested or the refund claim is prosecuted. A deduction for reasonable attorneys' fees actually paid in contesting an asserted deficiency or in prosecuting a claim for refund will be allowed even though the deduction, as such, was not claimed in the estate tax return or in the claim for refund. A deduction for these fees shall not be denied, and the sufficiency of a claim for refund shall not be questioned, solely by reason of the fact that the amount of the fees to be paid was not established at the time that the right to the deduction was claimed.

"(3) Attorneys' fees incurred by beneficiaries incident to litigation as to their respective interests do not constitute a proper deduction, inasmuch as expenses of this character are incurred on behalf of the beneficiaries personally and are not administration expenses."

It is the Plaintiffs' position that even though the attorney's fees incurred in this litigation were not claimed or paid prior to the closing of the estate, they were in truth and in fact expenses which would have been allowed had the estate remained open pending disposition of this action. The Government contends that the amounts deductible from the decedent's gross estate as administration expenses are limited to such expenses as are actually and necessarily incurred in the administration of the estate and that, therefore, § 20.2053–3(c) (3) is applicable.

Had this action been instituted by the executor prior to the closing of the estate, there is no question but that § 20.2053–3 (c) (2) would apply and the attorney's fees allowed as "administration expenses." This Court thinks these Plaintiffs should not be unjustly penalized merely because they brought this action as a class rather than the executor having brought it in his official capacity prior to closing the estate. It would be unrealistic to hold otherwise. See Gordon, et al., v. United States, D.C.Mo., 163 F.Supp. 542.

It is ordered that reasonable attorney's fees and costs herein shall be and they are hereby ordered deductible as "administration expenses" in computing the federal estate tax liability on the estate of L. N. Altendorf, and that they shall be allowed in computing the amount of refund due the Plaintiffs because of the erroneous assessment and collection of additional estate taxes by the Government.