HARRY C. PORTER, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

ESTATE OF ROBERT P. PORTER, JR., DECEASED, TRANSFEREE, S. HOLT McALONEY, AND FERN W. PORTER, COEXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2084–66, 2085–66. Filed June 24, 1969.

*William C. Schaab*, for the petitioners.
*Aleksandrs V. Laurins*, for the respondent.

### SUPPLEMENTAL OPINION

SCOTT, *Judge:* The original opinion in this case at 49 T.C. 207 (1967), promulgated on December 13, 1967, directed entry of decisions under Rule 50. On March 4, 1969, the parties each filed computations under Rule 50, the only variance between respondent's computations and petitioners' computations being that in petitioners' computations deduction was claimed in computing the estate tax of the Estate of Alice M. Porter, transferor, for attorneys' fees and related expenditures in prosecuting this case.[1]

Petitioners filed a brief in support of their computation, and at the hearing on April 16, 1969, respondent presented oral argument and thereafter pursuant to leave granted filed a brief.

Petitioners take the position that attorneys' fees in litigating estate tax liability are deductible as administrative expenses of the estate under section 812(b)(2), I.R.C. 1939[2] (now sec. 2053(a)(2), I.R.C. 1954), and respondent's regulations issued pursuant thereto. Respondent's regulations, both under the 1939 Code and the 1954 Code, provide for a deduction from the gross estate of attorneys' fees incurred in contesting an asserted deficiency or prosecuting a claim for refund of estate tax.

Respondent at the hearing with respect to the Rule 50 computations, objected to the deduction for litigation expenses claimed by petitioners on only two grounds. The primary basis of respondent's objection was

---

[1] The total litigation expenses claimed are $10,209.36. However, in the individual computation in Harry C. Porter, transferee, docket No. 2084–66, a deduction of only $4,579.68 is claimed. In explanation, petitioners state that Harry C. Porter had previously deducted $520 of the attorneys' fees which he paid.

[2] Alice M. Porter died on Nov. 18, 1953, and therefore the provisions of the Internal Revenue Code of 1939 are applicable.

that the litigation expenses claimed by petitioners to be deductible in computing the estate tax liability of the Estate of Alice M. Porter were the personal expenses of the transferee, as distinguished from expenses of the estate. Respondent also contended that even if these litigation expenses were to be allowed as a deduction in computing the estate tax liability of the transferor, there exists the possibility of the transferees also being entitled to deduct these amounts in computing their income tax liabilities for the year in which these litigation expenses were paid since section 212(c), I.R.C. 1954, specifically allows in the case of an individual, deductions for expenses in connection with the determination, collection, or refund of income taxes. On brief respondent makes the additional argument that the deductibility of attorneys' fees incurred by an estate in litigating estate tax liability before this Court may not be properly raised in a Rule 50 proceeding.

Since we consider there to be little merit in respondent's contention with respect to the untimely raising of the issue of the deductibility of the litigation expenses or his contention as to the possibility of a so-called double deduction of the amount of the expenses, we will first dispose of these issues. Rule 51 of our Rules of Practice provides as follows:

### RULE 51. ESTATE TAX DEDUCTION DEVELOPING AFTER TRIAL

If the parties in an estate tax case are unable to agree under Rule 50, or under a remand, upon a deduction involving expenses incurred at or after the trial, the petitioner may move to reopen the case for further trial on that issue provided it is raised in the petition or by amendment thereto.

In a number of cases we have recognized the right of a taxpayer who has raised the issue of litigation expenses in his petition to reopen an estate tax case for the purpose of proving the amount of deductible litigation expenses in connection with contesting an estate tax deficiency before this Court. See, for example, *Estate of Charles C. Hanch*, 19 T.C. 65 (1952), and *Estate of Harry A. Ellis*, 26 T.C. 694, 701 (1956), modified on another issue 252 F. 2d 109 (C.A. 3, 1958). Respondent argues that since in this case petitioners have not raised the issue in their petition, they are barred from claiming the deduction for such litigation expenses in their Rule 50 computations. However, our rule provides that the issue may be raised in the petition or "by amendment thereto." Petitioners' brief in support of their Rule 50 computations contains language stating petitioners' claim for deduction of litigation expenses which might be in substance a proposed amendment to their petition. It has long been held that an amended pleading may be filed, with leave of this Court, at any time prior to the entry of a final decision by this Court. *Commissioner* v. *Finley*, 265 F. 2d 885, 888 (C.A. 10, 1959), affirming a Memorandum Opinion of this Court, and cases there cited, and *Bos Lines, Inc.* v. *Commissioner*, 354 F. 2d 830, 835 (C.A. 8, 1965), affirming a Memorandum Opinion of this Court.

The amount of the litigation expenses here in issue could not be definitely known until after the conclusion of the trial. Under these circumstances this Court has the discretion to grant leave to petitioners to file an amended petition to claim deduction for the litigation expenses at any time prior to entry of final decision in this case. *Martin* v. *Brodrick*, 177 F. 2d 886 (C.A. 10, 1949), holds that a suit for refund of estate tax based on a claim for deduction of litigation expenses in a prior suit for refund of such tax is not barred by res judicata since the second claim did not and could not come into existence until the first claim had been determined. In *Empire Trust Co.* v. *United States*, 214 F. Supp. 731 (D. Conn. 1963), affirmed per curiam 324 F. 2d 507 (C.A. 2, 1963), the District Court held that it lacked jurisdiction over a suit arising from disallowance of a claim for refund of estate tax, based on the payment of the attorneys' fees connected with litigation of that estate tax in this Court. The Court in its opinion referred to the provisions of Rules 50 and 51 of the Rules of Practice of this Court as providing a method of avoiding "harshness in a case like this where expenses incurred after filing the Tax Court petition depend on the decision of the Tax Court and any appellate review thereof." It would be harsh, indeed, were we to exercise our discretion in such a manner as to preclude a taxpayer in an estate tax case from filing an amendment to his petition claiming a deduction for litigation expenses for litigating a deficiency before this Court where the motion to amend the petition to claim such deduction is made at any time prior to entry of our decision. Cf. *Altendorf* v. *United States*, 228 F. Supp. 969, 971 (D. N. Dak. 1964). We therefore conclude that we are justified in considering petitioners' claim for deduction of litigation expenses under Rule 50 and at this time granting petitioners leave to formally amend their petition to raise the issue of this claimed deduction.

In our view respondent's contention that the possibility of a "double deduction" for the costs of litigating this case would require us to deny the deduction in computing the taxable estate is likewise without merit. In *Mary E. Burrow Trust*, 39 T.C. 1080 (1963), affd. 333 F. 2d 66 (C.A. 10, 1963), we held that the provisions of section 642(g), I.R.C. 1954, then in effect, did not apply to prohibit a deduction from income tax to a taxpayer other than the estate because the same deduction had been allowed to the estate under section 2053, I.R.C. 1954, in computing the estate tax liability. However, section 642(g), I.R.C. 1954, was amended by Pub. L. 89–621 (Oct. 4, 1966)[3] with respect to

---

[3] Sec. 642 (g), I.R.C. 1954, now reads:

(g) DISALLOWANCE OF DOUBLE DEDUCTIONS.—Amounts allowable under section 2053 or 2054 as a deduction in computing the taxable estate of a decedent shall not be allowed as a deduction in computing the taxable income of the estate or of any other person, unless there is filed, within the time and in the manner and form prescribed by the Secretary or his delegate, a statement that the amounts have not been allowed as deductions under section 2053 or 2054 and a waiver of the right to have such amounts allowed at any time as deductions under section 2053 or 2054. This subsection shall not apply with respect to deductions allowed under part II (relating to income in respect of decedents).

taxable years ending after October 4, 1966, limited to amounts paid or incurred after that date to provide that amounts allowable under section 2053, I.R.C. 1954, as a deduction in computing the taxable estate shall not be allowed as a deduction in computing the taxable income of the estate "or any other person" unless a statement is filed that the amounts have not been allowed under section 2053 and a waiver of the right to have such amounts allowed at any time under section 2053 is filed. Under our decision in *Mary E. Burrow Trust, supra*, the possibility that petitioners might be entitled to deduct the litigation expenses, if any, paid prior to October 4, 1966, in connection with the litigation of this case before this Court does not preclude the deduction to the estate if the estate is otherwise entitled to the deduction. To the extent that these litigation expenses are paid after October 4, 1966, section 642 (g), I.R.C. 1954, prohibits the deduction by petitioners if the amounts had been deducted in computing the estate tax liability of the Estate of Alice M. Porter.

The most difficult issue here presented is whether amounts paid in litigation arising from a determination by respondent of liability for an estate tax against transferees of the estate are deductible in computing the estate tax liability of the transferor. In our view the resolution of this issue depends on whether under the facts of the particular case and the law of the State having jurisdiction over the decedent's estate these expenses are a proper expense of the estate which would be allowable by State law to the executor or administrator. Section 827 (b), I.R.C. 1939 (now sec. 6324 (a) (2), I.R.C. 1954), provides that if an estate tax is not paid when due, the transferees or other persons in possession of the decedent's property shall be personally liable for such tax to the extent of the value at the date of decedent's death of the property received from decedent. It has been recognized in a number of cases that because of the personal liability of a transferee for estate tax, a deficiency may be determined against him by respondent even though the estate is solvent and would be in a position to pay the deficiency had respondent determined the deficiency against the estate. In *Melba Schuster*, 32 T.C. 998 (1959), affd. 312 F. 2d 311 (C.A. 9, 1962), we held that the liability for a deficiency in estate tax could be asserted against the transferee even though at the time the deficiency notice was mailed to the transferee the 3-year statute of limitations for asserting such liability against the transferor had expired. The basis of our decision was that section 827 (b), I.R.C. 1939, made the transferee personally liable for the tax. We there pointed out that in a number of other cases involving a transferee of an estate we had held that respondent was justified in determining the deficiency against the transferee even though the estate was solvent and even though respondent could have proceeded

against the transferor. However, where respondent does proceed directly against the transferee, the issue of the correctness of respondent's determination as to the estate tax liability of the transferor may be litigated in the transferee case. See *David Krueger*, 48 T.C. 824 (1967).

In the instant case respondent proceeded directly against the transferees. Although the petitions contained certain allegations with respect to whether petitioners were transferees, the only issue presented for our decision in this case was the amount of the liability, if any, for estate tax of the Estate of Alice M. Porter, the transferor. One of the questions presented was whether attorneys' fees paid by the two brothers who were the sole heirs of Alice M. Porter and who had received all the assets of her estate, incurred in litigation to obtain those assets, were deductible in computing the taxable estate. We held that these expenses were deductible. In so doing we pointed out that the fact that some of the expenses were incurred prior to the granting of letters of administration did not cause the fees to be nondeductible under New Mexico law as expenses necessary to the "care, management and settlement of the estate * * * including reasonable attorney fees in any necessary litigation." N.M. Stat. Ann. sec. 31-12-10.

In this case, had the deficiency been determined against the estate and the petition in this case filed by the administrator in his capacity as administrator,[4] respondent admits that reasonable attorneys' fees for this litigation would be deductible in computing the taxable estate. Even though section 827(b), I.R.C. 1939, places personal liability for estate tax on the transferee, it is clear from section 826(b), I.R.C. 1939, that as between the transferee and the estate, the statute contemplates that the tax be ultimately borne by the estate. In *Schuster* v. *Commissioner*, 312 F. 2d 311 (C.A. 9, 1962), affirming 32 T.C. 998 (1959) and modifying 32 T.C. 1017 (1959), the court specifically pointed out that the argument of the taxpayers that their liability in that case was "conditioned on the estate's insolvency is difficult to reconcile with the purpose of section 826(b) [I.R.C. 1939], which gives the transferee the right of reimbursement against the undistributed portion of the estate." That section states in part as follows:

it being the purpose and intent of this subchapter that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution. [Sec. 826(b), I.R.C. 1939]

It would seem that if the estate tax is to be paid out of the estate even though the Commissioner determines the liability against and collects the tax or a deficiency therein from a transferee who is personally liable therefor under section 827(b), I.R.C. 1939, the cost of

---

[4] One of the petitioners in this case, Harry C. Porter, is the administrator of the Estate of Alice M. Porter, but he was a petitioner in this case not as administrator but as transferee.

the litigation, insofar as it relates to a determination of whether the liability of the transferor estate as determined by the respondent is correct, would likewise be the primary burden of the estate. In *David Krueger, supra,* we held that stipulated decisions entered by this Court determining deficiencies against two estates were res judicata as to the liabilities of the estates in a later action involving the assertion of such liability against the transferees of the estates and overruled our prior holdings to the contrary. We pointed out that in *Jahncke Service, Inc.,* 20 B.T.A. 837 (1930), we held that a transferee is privy to a transferor and precluded from reopening a decision establishing the tax liability of his transferor, but that where there has been no determination either by litigation or stipulation of the liability of the transferor that liability may be litigated by the transferee. It would follow that when a transferee does litigate the estate tax liability of his transferor, he is undertaking a task which is the primary duty of the administrator, even though he may be forced to do so because of respondent's determination of the liability against him. We conclude that the cost of litigating the liability of the estate for estate tax is an expense of the estate which properly should be borne by the administrator or executor whether the litigation takes place in a determination of deficiency against the estate or against a transferee. We also conclude that attorneys' fees incurred in litigating the liability of an estate for estate tax are fees incurred in necessary litigation and under New Mexico law are an expense of the administrator even though the litigation takes place in a deficiency determined against the transferee.

The parties in this case are not in agreement as to the amount of litigation expenses paid or payable by petitioners or as to whether all of these expenses are in connection with the determination of the liability for estate tax of the Estate of Alice M. Porter, transferor. Since the petitioners in these cases made some allegations in their petitions that they were not transferees of certain properties, it is possible that some of the expenses would relate to this issue even though the parties later stipulated that petitioners were transferees. In our view expenses of litigating the issue of whether a taxpayer was a transferee of an estate would not be an expense of the estate but rather of the alleged transferee. See *Bonnyman* v. *United States,* 156 F. Supp. 625 (E.D. Tenn., 1957), affirmed per curiam 261 F. 2d 835 (C.A. 6, 1958). We will withhold entry of any order or decision in this case for 3 months to allow time for the parties to file a further Rule 50 computation if they are able to agree as to the amount of litigation expenses which are deductible in computing the liability for estate tax of the transferor under our holding in this supplemental opinion. If the parties are not able to reach an agreement under Rule 50, peti-

tioners will be allowed the same 3-month period within which to file the pleadings required in order for the case to be reopened for further trial in accordance with Rule 51 of the Rules of Practice of this Court.

*Decisions will be entered under Rule 50.*