ESTATE OF WALTER M. BUCHHOLTZ, ROBERT J. BUCHHOLTZ, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 748–76. Filed September 5, 1978.

*Peter John Brevorka,* for the petitioner.
*David R. Smith,* for the respondent.

OPINION

TANNENWALD, *Judge:* The dispute herein involves the Rule 155 computation mandated by the Court's opinion (T.C. Memo. 1977–396). The principal issue before the Court is whether U. S. Treasury Bonds, included in decedent's gross estate, should be valued at par to the extent of the interest on an estate tax deficiency. Both parties agree that such bonds are eligible under section 6312[1] for both the payment of the deficiency, resulting from the prior opinion of the Court and concessions by the parties, and the interest thereon. See Rev. Proc. 69–18, sec. 5.01, 1969–2 C.B. 300, 301. In the notice of deficiency, respondent included such bonds in the gross estate at par value, in sufficient amount to cover the deficiency determined therein. *Bankers Trust Co. v. United States,* 284 F.2d 537 (2d Cir. 1960); *Estate of Fried v. Commissioner,* 54 T.C. 805, 826 (1970), affd. 445 F.2d 979, 984–985 (2d Cir. 1971). In his computation under Rule 155, respondent included such bonds at par value, in an amount sufficient to cover both the deficiency resulting from our earlier opinion and the interest thereon. Petitioner does not contest respondent's action insofar as it relates to the amount of the deficiency, but attacks such action insofar as it relates to the interest thereon. Petitioner also claims, in its Rule 155 computation, that, if respondent's contention is sustained, it should be entitled to deduct, as an administration expense, the interest on the deficiency.

Initially, we reject petitioner's contention that respondent has raised a "new issue" not properly cognizable in a Rule 155 proceeding. Respondent adjusted the gross estate to reflect the fact that U. S. Treasury bonds owned by the estate could be used to pay the amount determined in the notice of deficiency, and the parties stipulated that the value of the bonds included in the gross estate would depend upon the amount of the deficiency determined by the Court. We conclude that it is entirely

---

[1]All references are to the Internal Revenue Code of 1954, as amended and in effect at the date of decedent's death. Pub. L. 92–5, 85 Stat. 5, made sec. 6312 inapplicable to obligations of the United States issued after Mar. 3, 1971.

appropriate for us, in the Rule 155 proceeding herein, to consider all the issues raised concerning such interest, since such issues involve pure questions of law and are inextricably intertwined with the proper amount to be entered as a decision herein. Cf. *Black Motor Co. v. Commissioner*, 125 F.2d 977 (6th Cir. 1942); *Zimmermann v. Commissioner*, 36 B.T.A. 618 (1937), revd. per curiam on other grounds 100 F.2d 1023 (3d Cir. 1939).

The nub of petitioner's contention is that, since assets must be valued as of the time of death and the existence of liability for interest, or the amount thereof, could not be known at that time, valuation of the bonds in excess of their fair market value would be based on events occurring subsequent to death which, it asserts, is impermissible. We find this reasoning difficult to follow since it applies equally to use of the bonds to pay the deficiency itself, although petitioner does not dispute the valuation of the bonds at par for that purpose. See *Estate of Fried v. Commissioner, supra.* In this regard, we note that administration expenses, such as attorney's fees resulting from this litigation, affect the size of the deficiency, and thereby can decrease the value of the Treasury bonds involved.

Nor are we impressed with petitioner's argument based on the fact that the amount of interest cannot be precisely calculated because the exact date that the deficiency will be paid cannot be determined in advance. A sufficient amount of lead time can be infused into the calculation so that a very close approximation is possible.

We think a useful analogy is furnished by the many situations where the amount of administration expenses of the estate is not precisely known but a deduction is nevertheless in order. See secs. 20.2053-1(b)(3) and 20.2053-3(c), Estate Tax Regs. A further analogy exists in situations where a charitable or marital deduction is required to bear its share of an estate or inheritance tax burden and the amount of the deduction is determined by trial and error. See secs. 20.2055-3(b) and 20.2056(b)-4(c)(4), Estate Tax Regs; 4 J. Mertens, Law of Federal Estate and Gift Taxation, sec. 30.12 et seq. (1959).

The long and the short of it is that we think that, to the extent that they could have been used to pay the interest on the deficiency as well as the deficiency itself, the Treasury bonds should be includable in the gross estate at par. *In re Estate of Fried v. Commissioner*, 445 F.2d at 984–985; cf. *Estate of Simmie*

*v. Commissioner*, 69 T.C. 890 (1978). We also accept petitioner's contention that, under the circumstances, we should allow a deduction for interest on the deficiency as part of the Rule 155 computation. Cf. *Estate of Bahr v. Commissioner*, 68 T.C. 74 (1977); Rev. Rul. 78–125, 1978–14 I.R.B. 9.

The parties will submit a revised Rule 155 computation or computations which take into account our conclusions herein and

*Decision will be entered under Rule 155.*