DONALD A. GILLUM, TRANSFEREE OF THE ESTATE OF DON G. GILLUM, DECEASED, TRANSFEROR, AND BARBARA SHELTON, TRANSFEREE OF THE ESTATE OF DON G. GILLUM, DECEASED, TRANSFEROR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gillum v. Commissioner
Docket No. 4611-82.
United States Tax Court
T.C. Memo 1984-631; 1984 Tax Ct. Memo LEXIS 45; 49 T.C.M. (CCH) 240; T.C.M. (RIA) 84631; December 5, 1984. James D. Keast, for the petitioners. Donald L. Wells, for the respondent. SHIELDS MEMORANDUM FINDINGS OF FACT AND *47 OPINION SHIELDS, Judge: Respondent determined a deficiency in estate tax against the Estate of Don G. Gillum in the amount of $138,620.05 and that petitioners are liable for the deficiency as transferees of the estate. After concessions, the only issue remaining for decision is whether legal fees, accounting fees, and interest on the deficiency which are paid after the expiration of the period of limitation for assessment provided in section 6501[1] are deductible from the gross estate. Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed in this case, both petitioners resided in Missouri. The Federal estate tax return for the Estate of Don G. Gillum was filed with the Internal Revenue Service Center in Kansas City, Missouri. Don G. Gillum died on March 19, 1977. For estate tax purposes his gross estate consisted entirely of jointly held property and the corpus of an inter vivos trust all *48 of which passed to petitioners without being subjected to probate or the claims of creditors. The estate tax return was filed on December 17, 1977. The return was audited by respondent but notice of the deficiency was not issued by respondent to the estate within the three year period provided by section 6501(a), which expired on December 17, 1980. Instead, on December 7, 1981, respondent issued statutory notices to petitioners in which he determined that (1) the correct taxable estate was $707,740.68 instead of the $296,533.00 shown on the return; (2) there was a deficiency in the Federal estate tax in the amount of $138,620.05; and (3) petitioners were liable for the deficiency as transferees of the estate. On March 1, 1982, petitioners filed a timely petition with this Court in which they did not contest the determination by respondent that they were transferees of the estate but sought only a redetermination of the amount of the deficiency in estate tax. Up to the date of trial petitioners had incurred and paid legal and accounting fees totaling $10,866.00 in contesting the estate tax deficiency. Of the total fees, $6,781.30 were paid by petitioners before the expiration *49 of the three-year period provided by section 6501(a) on December 17, 1980. The other $4,084.70 in fees were paid after that date. The statutory interest has been accruing on the deficiency in tax since the due date of the estate tax return.Such interest will continue to accrue until the deficiency is paid. No part of the accruing interest has been paid by petitioners. Additional legal and accounting fees will be incurred by petitioners in their contest of the deficiency until this case is concluded. The parties have stipulated that without consideration being given to any legal and accounting fees as well as to any interest accruing on the deficiency, the correct taxable estate is $405,674.80. Petitioners contend that the agreed taxable estate should be further reduced by (1) the total fees of $10,866.00 which they have already paid plus any additional legal and accounting fees incurred by them in contesting the estate tax liability; and (2) any statutory interest due on the deficiency. They argue that all such fees and interest are deductible as administrative expenses under section 2053(b)[2] provided such fees and interest are paid prior to the date our decision *50 becomes final. Respondent contends that the deduction of fees and interest as administrative expenses under section 2053(b) is limited to the amount of such fees and interest which was paid prior to the expiration of the three-year period provided by section 6501(a)[3] for the assessment of the deficiency in estate tax against the estate. [4] Specifically, in this case respondent argues that no fees or interest paid after December 17, 1980, the date upon which the period provided by section 6501(a) expired, are deductible as *51 administrative expenses. In other words, since only $6,781.30 in fees and no interest on the deficiency was paid before the expiration of such period, respondent insists that the deduction under section 2053(b) is limited to the $6,781.30. *52 In an estate subject to claims, legal fees in reasonable amounts which are incurred by the estate in contesting an estate tax deficiency are recognized by respondent as administrative expenses and as proper deductions under section 2053(a)[5] in arriving at the taxable estate. Section 20.2053-3(c), Estate Tax Regs. The same is true with respect to accounting fees and interest on the estate tax.Section 20.2053-3, Estate Tax Regs.; Rev. Rul. 79-252, 1979-2 C.B. 333; Buchholtz v. Commissioner,70 T.C. 814 (1978). *53 Where, as here, the entire estate, or the part in dispute, is not subject to claims, the legal and accounting fees incurred in contesting an estate tax deficiency as well as the interest on the deficiency itself are also recognized by respondent as administrative expenses and properly deductible in arriving at the taxable estate provided such fees and interest qualify under section 2053(b). Sections 20.2053-1(a) and 20.2053-8(a), Estate Tax Regs. Fees incurred in contesting the deficiency are allowable deductions if they otherwise qualify under section 2053(b), even though such fees are incurred and paid by the transferees of the estate. Porter v. Commissioner,52 T.C. 515 (1969). Administrative expenses qualify for deduction under section 2053(b) provided: (1) the property not subject to claims is included in the gross estate for estate tax purposes; (2) the expenses would be allowed as administrative expenses under section 2053(a) if the property were subject to *54 claims; and (3) the expenses are paid before the expiration of the period of limitation for assessment of the estate tax under section 6501. In this case both the disputed fees and interest meet the first two conditions of section 2053(b). In other words, the property not subject to claims is included in the estate for estate tax purposes and, if such property were subject to claims, the fees and interest would be allowable under section 2053(a). However, only the fees in the amount of $6,781.30 were paid before the expiration of the period provided by section 6501(a). Neither party has directed our attention to, and we have not found, any authority which is directly on point on this issue. Petitioners rely upon our opinion in Porter v. Commissioner,supra, but upon this point such reliance is misplaced because the property involved in that case was subject to claims and the litigation expenses were allowable under section 2053(a) which, unlike section 2053(b), does not contain the specific condition that the administrative expenses be paid within the statutory periods provided by section 6501 for the assessment of the tax against the estate. *55 On brief, petitioners argue that (1) the three-year period provided by section 6501(a) is extended with respect to them as transferees for an additional year by section 6901(c); [6] and (2) since the statutory notices were timely issued to them within the extended period and since their petitions were timely filed with this Court the period provided by section 2053(b) for the payment of allowable administrative expenses will continue until 60 days after our decision in this case becomes final. At first glance, this argument by the petitioners appears to have some merit in view of Rev. Rul. 61-59, 1961-1 C.B. 418, as clarified by Rev. Rul. 78-323, 1978-2 C.B. 240. See also Porter v. Commissioner,supra.
*56 In Rev. Rul. 61-59, respondent concluded that where a timely petition was filed in this Court by an estate from a statutory notice issued within the three-year period provided by section 6501(a), the running of the balance of the three-year period was suspended under section 6503(a)[7] until 60 days after our decision became final and administrative expenses paid withn the suspended period were allowable. This is not the situation in this case. Here the notices were not issued within the three-year period of section 6501(a). Furthermore, the plain language of section 6901(c) does not directly or by implication extend the period provided by section 6501(a). It merely provides a statutory period within which the liability of an initial transferee can be assessed or a statutory notice issued. Petitioners' argument to the contrary is without merit. *57 In view of the foregoing, we conclude that petitioners are not entitled to a deduction for any interest as an administrative expense and that the deduction for legal and accounting fees is limited to the $6,781.30 which was paid prior to the expiration on December 17, 1980 of the period provided by section 6501(a). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. Section 2053(b) provides: (b) OTHER ADMINISTRATION EXPENSES.--Subject to the limitations in paragraph (1) of subsection (c), there shall be deducted in determining the taxable estate amounts representing expenses incurred in administering property not subject to claims which is included in the gross estate to the same extent such amounts would be allowable as a deduction under subsection (a) if such property were subject to claims, and such amounts are paid before the expiration of the period of limitation for assessment provided in section 6501↩.
3. Section 6501(a) provides: (a) GENERAL RULE.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 30 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. ↩
4. In view of the stipulated amount of the correct taxable estate it appears that there may have been omitted from the estate tax return "items includible in such gross estate * * * as exceed in amount 25 percent of the gross estate * * *." If such were the case the six-year period provided by section 6501(e)(2) would be applicable unless the omitted items were disclosed on the return or in a statement attached to the return "in a manner adequate to apprise the [respondent] of the nature and amount of such item[s]." From the record before us we are unable to determine whether the six-year period provided by that section is applicable in this case. However, neither party raised the question at trial or on brief and consequently we have concluded that only the three-year period provided by section 6501(a) is applicable. The pertinent portion of section 6501(e)(2) is as follows: (2) Estate * * * Taxes.--In the case of a return of estate tax * * * if the taxpayer omits from the gross estate * * * items includible in such gross estate * * * as exceed in amount 25 percent of the gross estate stated in the return * * * the tax may be assessed * * * at any time within 6 years after the return was filed. In determining the items omitted from the gross estate * * * there shall not be taken into account any item which is omitted from the gross estate * * * stated in the return if such item is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.↩
5. Section 2053(a) provides: (a) GENERAL RULE.--For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts-- (1) for funeral expenses, (2) for administration expenses, (3) for claims against the estate, and (4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.↩
6. Section 6901(c) provides: (c) PERIOD OF LIMITATIONS.--The period of limitations for assessment of any such liability of a transferee or a fiduciary shall be as follows: (1) INITIAL TRANSFEREE.--In the case of the liability of an initial transferee, within 1 year after the expiration of the period of limitation for assessment against the transferor; (2) TRANSFEREE OF TRANSFEREE.--In the case of the liability of a transferee of a transferee, within 1 year after the expiration of the period of limitation for assessment against the preceding transferee, but not more than 3 years after the expiration of the period of limitation for assessment against the initial transferor; except that if, before the expiration of the period of limitation for the assessment of the liability of the transferee, a court proceeding for the collection of the tax or liability in respect thereof has been begun against the initial transferor or the last preceding transferee, respectively, then the period of limitation for assessment of the liability of the transferee shall expire 1 year after the return of execution in the court proceeding.↩
7. Section 6503(a) provides: (a) ISSUANCE OF STATUTORY NOTICE OF DEFICIENCY.-- (1) GENERAL RULE.--The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 (relating to income, estate, gift and certain excise taxes), shall (after the mailing of a notice under section 6212(a)↩) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.