PERRY T. JONES, JR. AND MICHELLE C. JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 9781-86.
United States Tax Court
T.C. Memo 1989-61; 1989 Tax Ct. Memo LEXIS 61; 56 T.C.M. (CCH) 1228; T.C.M. (RIA) 89061; February 13, 1989
Zipporah J. Lewis, *62 for the petitioners. Diane L. Berkowitz, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: On August 23, 1988, we issued an opinion in this case (T.C. Memo. 1988-393). The taxable years involved were 1980 and 1981. On December 13, 1988 and December 15, 1988, respectively, respondent and petitioners filed objections to each other's computations for entry of decision pursuant to Rule 155 [1] previously filed with the Court. The issues which were the subject matter of the trial herein, which are now the subject of each party's respective Rule 155 computational objections were (1) whether petitioners are entitled to deduct purported gambling related expenses, and (2) whether petitioners are liable for the section 6651(a)(1) addition to tax. It is well settled that a Rule 155 proceeding cannot be used to raise new issues that were not litigated at the trial of a case or to relitigate those issues that were previously litigated. Molasky v. Commissioner,91 T.C. 683 (1988); *63 Cloes v. Commissioner,79 T.C. 933 (1982); Rule 155(c). However, a Rule 155 proceeding can be used to consider issues which "involve pure questions of law [which] are inextricably intertwined with the proper amount to be entered as a decision." Estate of Buchholtz v. Commissioner,70 T.C. 814, 816 (1978). With respect to the dispute over petitioners' entitlement to purported gambling related deductions, in the opinion previously issued in this case, we held that petitioners were not entitled to these deductions on the ground that they failed to establish that petitioner Perry Jones' gambling activities constituted a trade or business within the meaning of section 162. Petitioners assert that our opinion in this case does not preclude them from claiming those same deductions under section 212. Petitioners argue that their entitlement to their disallowed deductions under section 212 is a consequence of the resolution by the Court of an issue raised by the pleadings and is not a "new issue" under Rule 155(c). [2] We disagree. *64 The petition in this case ascribes various errors in respondent's notice of deficiency which disallowed petitioners purported gambling related deductions. In their trial memorandum, petitioners stated the gambling deduction issue as "Are the expenses paid or incurred, during the taxable year of 1980 and 1981, in petitioners' trade or business of gambling deductible as business expenses?" In petitioners' opening brief in this case, petitioners phrased the issue as "Whether the petitioner Perry T. Jones, Jr., was engaged in the trade or business of gambling and thus entitled to deduct all ordinary and necessary expenses incurred in carrying on the trade or business of gambling in the calendar years 1980 and 1981." Petitioners argued at trial and on brief that they were entitled to their gambling deductions pursuant to section 162. Petitioners did not assert in their trial memorandum, at trial, or on brief that they were entitled to gambling deductions pursuant to section 212 or that they otherwise met the requirements of section 212. Respondent has made no concession that petitioners are entitled to gambling deductions under section 212. [3]
*65 Petitioners argue that by virtue of our finding that petitioner had gambling income, they are entitled to their purported gambling related deductions under section 212, despite our holding that their claimed deductions were not deductible under section 162. Our prior holding in this case merely resolved the only issue raised by petitioners with respect to petitioner's gambling activities. If petitioners had, in their pleadings, raised the issue of their entitlement to their purported gambling related deductions under section 212, or under any other section, we would have addressed it. Having not raised it, we find that the presentation of this issue in the context of a Rule 155 proceeding is a "new issue" within the meaning of Rule 155, and is not a "pure question of law [which is] inextricably intertwined with the proper amount to be entered as a decision." Buckholtz v. Commissioner, supra.
The next dispute is over the calculation of the section 6651(a)(1) addition to tax. Petitioners argue that their entitlement to gambling deductions under section 212 reduces their tax deficiency which in turn reduces the addition to tax under section 6651(a)(1) to zero. Having found *66 that petitioners are not entitled to claim these expenses pursuant to section 212, we reject this argument. In light of the foregoing, Decision will be entered in accordance with respondent's computations.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years at issue.↩
2. Rule 155(c) provides as follows: (c) Limit on Argument: Any argument under this Rule will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.↩
3. In fact respondent argued that petitioners' purported gambling deductions represented personal nondeductible expenditures under section 262 or at best, were only deductible to the extent permitted under section 183. Petitioners did not assert, and we did not address, whether they would be entitled to claim their gambling deductions under section 183.↩